IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---------------------------------------------------------------X

NAVA LANIADO,

                      Plaintiff,

  -against-

CERTIFIED CREDIT & COLLECTION BUREAU

                      Defendant.

---------------------------------------------------------------X

Civil Action No.:

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff NAVA LANIADO (hereinafter, "Plaintiff"), a New Jersey resident, brings this complaint by and through her attorneys, Marcus Law, LLC, against Defendant CERTIFIED CREDIT & COLLECTION BUREAU (hereinafter "CCCB" or "Defendant"), individually based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

2. Plaintiff is a resident of the State of New Jersey.

3. Plaintiff is a "consumer" as defined by the FDCPA under 15 USC § 1692a(3).

4. Defendant has its principal office PO Box 336, Raritan, NJ 08869.

5. Defendant is a "debt collector" as defined by the FDCPA under 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), based upon Plaintiffs residence within this district.

## ALLEGATIONS OF FACT

8. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "7" herein with the same force and effect as if the same were set forth at length herein.

9. Defendant, on behalf of a third party, or on behalf of itself as purchaser of the Debt, began collection efforts to collect an alleged consumer Debt.

10. Upon information and belief, the Defendant sent the Plaintiff an initial mass produced collection letter dated February 13, 2014.

11. The Defendant sent a second mass produced letter within the thirty day validation period dated March 5, 2014. The letter states as follows:

> "THE ABOVE ACCOUNT HAS BEEN PLACED WITH US FOR COLLECTION. SETTLEMENT IS EXPECTED TO BE MADE WITH THIS OFFICE. KINDLY REMIT PAYMENT IN FULL.
>
> SHOULD THERE BE ANY DISCREPANCY PLEASE CALL TOLL FREE 800-252-2920 OR FOR OUR 24 HOUR AUTOMATED CUSTOMER SERVICE

CALL 800-354-4744."

12. The above statements obscured and diminished the thirty day FDCPA validation rights of the Plaintiff.

13. Furthermore, the language that begins "should there be any discrepancy please call . ." was confusing as "it could be reasonably read to have two or more different meanings, one of which is inaccurate." See Caprio v. Healthcare Revenue Recovery Group, LLC, No. 12-1846 (3rd Cir. 2013).

## CONSTRUCTION OF APPLICABLE LAW

14. The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R., 74 F. 3D 30 (2d Cir. 1996).

15. The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006).

16. The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985). The purpose of the least sophisticated consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd.

17. The validation notice may not be either overshadowed or contradicted by other language or material in the original or subsequent collection letters sent within thirty (30) days after receipt of the first one. Swanson v. Southern Oregon Credit Service, Inc., supra, 869

F.2d 1222 (9th Cir. 1988); Harris v. Payco General American Credits, Inc., 1998 U.S.Dist. LEXIS 20153 (N.D. Ill. Dec. 9, 1998)."A notice is overshadowing or contradictory if it would make the least sophisticated consumer uncertain as to her rights." Russell v. Equifax A.R.S., 74 F.3d 30 (2d Cir. 1996).

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### Violations of the Federal Debt Collections Practice Act

18. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "17" herein with the same force and effect as if the same were set forth at length herein.

19. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g and 15 U.S.C. § 1692e(10).

20. Under 1692g, a debt collector may not overshadow, obscure, or diminish the consumers right to dispute or validate the alleged debt.

21. Under 15 U.S.C. § 1692e(10), a debt collector may not use any false representation or deceptive means to collect a debt.

22. Defendant violated 15 USC 1692g by instructing the Plaintiff to call the Defendant if the Plaintiff believes there is a discrepancy. The Plaintiff, a least sophisticated consumer now believes that she could choose either to call to dispute or mail in the dispute pursuant to the thirty day validation notice on the initial demand letter.

23. The Defendant further violated 1692g by sending a letter within the thirty day validation period instructing the Plaintiff to make payment in full, which overshadowed and

shortened the Plaintiff's right to dispute the alleged debt.

24. Defendant violated 1692e(10) by providing language that misrepresented that the Plaintiff may call in to dispute an alleged debt.

25. As a result of Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## I. PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against the Defendant as follows:

26. Actual damages provided and pursuant to 15 USC §1692k(a)(1);

27. Statutory damages provided and pursuant to 15 USC §1692k(2)(A);

28. Statutory damages provided and pursuant to 15 USC §1692k(2)(B);

29. Attorney's fees and costs provided and pursuant to 15 USC §1692(a)(3);

30. A declaration that the Defendant's practices violated the FDCPA; and

31. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

## II. JURY DEMAND

Plaintiff demands a trial by jury on all causes of action so triable.

Dated: May 2, 2014

Ari Marcus, Esq.
MARCUS LAW, LLC
1500 Allaire Avenue, Suite 101
Ocean, NJ 07712
Telephone: (732) 660-8169
Facsimile: (732) 298-6256
*Attorneys for Plaintiff*