## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NAVA LANIADO <br><br> Plaintiffs, <br><br> -against- <br><br> CERTIFIED CREDIT & COLLECTION BUREAU, et al. <br><br> Defendants. | Civil Case Number: 3:14-cv-02798-PGS-LHG |

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Dated: July 21, 2014

s/ Ari H. Marcus ,Esq._____
Ari Marcus, Esq.
MARCUS LAW, LLC
1500 Allaire Avenue, Suite 101
Ocean, New Jersey 07712
Telephone: (732) 660-8169
Facsimile: (732) 298-6256
*Attorneys for Plaintiff*

## Table of Contents

PRELIMINARY STATEMENT ........................................................................................ 1

STATEMENT OF FACTS .............................................................................................. 1

STANDARDS FOR MOTION TO DISMISS.................................................................. 3

ARGUMENT................................................................................................................... 3

    I.   THE PLAINTIFF SUFFICIENTLY ALLEGES FDCPA VIOLATIONS UPON WHICH RELIEF CAN BE GRANTED IN COUNT ONE OF THEIR COMPLAINT .... 3

        A.  The March 5, 2014 letter overshadows the thirty day validation notice in violation of the FDCPA. ..................................................................................................... 4

        B.  The Defendant's March 5, 2014 letter violates the FDCPA by providing language that would misrepresents the least sophisticated consumer into believing that he or she may dispute the alleged debt by calling the Defendant. ................................... 6

CONCLUSION................................................................................................................ 7

## Table of Authorities

### Cases

*Baker v. Putnal*, 75 F.3d 190, 196 (5[th]Cir. 1996) .................................................................... 3

*Bell Atl. Corp. v. Twombly,* 550 US 544, 555 (2007) .............................................................. 3

*Caprio v. Healthcare Recovery Group, LLC*, 709 F.3d 142 (3rd Cir. 2013) ............................ 6

*D'Addario v. Enhanced Recovery Co. LLC,* 798 F. 2d 570 (D. NJ 2011) ................................. 5

*Graziano v. Harrison*, 950 F.2d 107 (3rd Cir. 1991) ................................................................ 6

*Guidray v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007) ............................ 3

*Harris v. Payco General American Credits, Inc.,* 1998 U.S.Dist. LEXIS 20153 (N.D. Ill. Dec. 9, 1998) ....................................................................................................................................... 4

*Lukawski v. Client Services*, 2013 U.S. Dist. LEXIS 124075 (M.D. Pa. Aug. 29, 2013) ............ 5

*Martin K. Eby Constr. Co., v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) ....... 3

*Michalek v. ARS National Systems, Inc.* 2011 U.S. Dist. LEXIS 142976 (M.D. Pa. 2011) ........... 5

*Reade-Alvarez v. Eltman, Eltman & Cooper, P.C.*, 369 F. Supp.2d 353, 359 (EDNY 2005) ........ 4

*Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008) ................................... 3

*Russell v. Equifax A.R.S.* 74 F.3d (2d Cir. 1996) ...................................................................... 4

*Sonnier v. State Farm Mutual Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007) ................... 3

*Swanson v. Southern Oregon Credit Service, Inc.* 869 F.2d 1222 (9th Cir. 1988) ................... 4

### Statutes

15 U.S.C. 1692a(3) ..................................................................................................................... 1

15 U.S.C. 1692a(6) ..................................................................................................................... 1

15 U.S.C. 1692e .................................................................................................................... 1,4

15 U.S.C. 1692g ................................................................................................................. 1,2,4

### Rules

Federal Rules of Civil Procedure 12(b)(6) ............................................................................. 1,3

Federal Rules of Civil Procedure 8(a), .................................................................................... 3

## PRELIMINARY STATEMENT

The Plaintiff, Nava Laniado, filed a complaint against Certified Credit & Collection Bureau ("CCCB") alleging violations under the Fair Debt Collection Practices Act ("FDCPA"). The Plaintiff submits this Memorandum of Law in Opposition to the Defendant, Certified Credit & Collection Bureau's ("CCCB") Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) (the "Motion").

## STATEMENT OF FACTS

The Defendant is a "debt collector" as defined under the FDCPA section 15 U.S.C. § 1692a(6). They regularly send out letters to consumers in an attempt to collect a debt. The Plaintiff is a "consumer" as defined by section 15 U.S.C. § 1692a(3).

On or about February 13, 2014, the Defendant sent the Plaintiff an initial demand letter in an attempt to collect an alleged debt incurred for personal, family or household purposes. The Defendant sent a follow-up letter within thirty days of the initial February 13, 2014 letter on March 5, 2014 (the "Letter"). When the Plaintiff received and read the Letter, she was still within her legal timeframe to dispute the alleged debt pursuant to 15 U.S.C. § 1692g. Said Letter stated:

> THE ABOVE ACCOUNT HAS BEEN PLACED WITH US FOR COLLECTION. SETTLEMENT IS EXPECTED TO BE MADE WITH THIS OFFICE. KINDLY REMIT PAYMENT IN FULL.
>
> SHOULD THERE BE ANY DISCREPANCY PLEASE CALL TOLL FREE 800-253-2920 OR FOR OUR 24 HOUR AUTOMATED CUSTOMER SERVICE CALL 800-354-4744.

THIS IS AN ATTEMPT TO COLLECT A DEBT BY A DEBT COLLECTOR AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

The Plaintiff filed a complaint against the Defendant alleging that the Defendant violated sections 15 U.S.C. § 1692e and 15 U.S.C. § 1692g of the FDCPA. The Plaintiff alleges that the above language would mislead the least sophisticated consumer into believing that she can call in a dispute in violation of sections 1692e and 1692g. The Plaintiff further alleges that the above language overshadows the Plaintiff's thirty day validation rights in violation of section 1692e and 1692g.

## STANDARDS FOR MOTION TO DISMISS

The Defendant is attempting to dismiss Plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(6), or more specifically for failure to state a claim upon which relief can be granted.  To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 US 544, 555 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidray v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007)

In determining whether the Plaintiff has stated a cause of action, the Court accepts all well-leaded facts in the complaint as true and views them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co., v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5thCir. 1996)

Plaintiff's complaint not only meets but exceeds the standards governing the form or a complaint contemplated by Federal Rules of Civil Procedure 8(a), and the Complaint sufficiently alleges a valid claim upon which relief can be granted.

## ARGUMENT

I.    **THE PLAINTIFF SUFFICIENTLY ALLEGES FDCPA VIOLATIONS UPON WHICH RELIEF CAN BE GRANTED IN COUNT ONE OF THEIR COMPLAINT**

In order to plead a claim pursuant to the FDCPA, the Plaintiff must state facts that provide for a reasonable inference that the Defendant violated the FDCPA. *Reade-Alvarez v.*

3

*Eltman, Eltman & Cooper, P.C.*, 369 F. Supp.2d 353, 359 (EDNY 2005).

The Plaintiff sufficiently states a claim under 15 U.S.C. §1692e and 15 U.S.C. §1692g of the FDCPA, upon which relief can be granted.   Pursuant to 15 U.S.C. §1692e, a debt collector may not use in an attempt to collect a debt false, misleading or deceptive statements. Pursuant to 15 U.S.C. §1692g, within five days of the initial communication, a debt collector must adequately provide the consumer with a proper validation notice, which is not overshadowed or diminished by other language.

**A. The March 5, 2014 letter overshadows the thirty day validation notice in violation of the FDCPA.**

Pursuant to 15 U.S.C. 1692g a debt collector, within five days of the initial communication, must effectively convey a validation notice notifying the consumer of their right to dispute within thirty (30) days of receipt of the letter. The validation notice may not be either "overshadowed" or contradicted by other language or material in the original or subsequent collection letters sent within 30 days after receipt of the first one. *Swanson v. Southern Oregon Credit Service, Inc.* 869 F.2d 1222 (9th Cir. 1988); *Harris v. Payco General American Credits, Inc.*, 1998 U.S.Dist. LEXIS 20153 (N.D. Ill. Dec. 9, 1998). "A debt collection notice is overshadowing or contradictory if it fails to convey the validation information clearly and effectively and thereby makes the least sophisticated consumer uncertain as to her rights." Moreover, in establishing whether language contained in a notice overshadowed or contradicted the mandatory validation notice, "[i]t is unnecessary to prove the contradiction is threatening." *Russell v. Equifax A.R.S.* 74 F.3d (2d Cir. 1996).

In the case at hand, the Defendant sent an initial communication on February 13, 2014

with the proper validation notice. Within thirty days of receipt of that letter, the Defendant sent a subsequent letter dated March 5, 2014, making no mention or reference to the Plaintiff's continued right to dispute. Plaintiff alleges that by requesting payment in a communication within Plaintiff's thirty day period to dispute, and not reminding or making mention that the consumer still has a right to dispute, the Defendant has violated the FDCPA by overshadowing the consumer's validation rights.

In *Michalek v. ARS National Systems, Inc.* 2011 U.S. Dist. LEXIS 142976 (M.D. Pa. 2011), the court held that non-sophisticated consumers could be receiving a voluminous amount of messages and calls from debt collectors and it would be an unreasonable burden to expect consumers to recall prior communication. Therefore, the Court has determined that each letter from a collection agency must be read individually. The Court in *Lukawski v. Client Services*, 2013 U.S. Dist. LEXIS 124075 (M.D. Pa. Aug. 29, 2013) has expanded the above ruling to state that even though the initial communication had a proper disclaimer (regarding interest being accrued), each subsequent letter required its own notice or disclaimer.

Using the logic from *Michalek*, the Plaintiff argues that she cannot be reasonably expected to remember the validation notice in the February 13, 2014 letter. When she received the March 5, 2014 letter, she therefore was unaware that the she still had a right to dispute the alleged debt. Therefore, by not making reference to the validation notice or mentioning that this request for payment was not intended to diminish the Plaintiff's right to dispute, the Defendant overshadowed and diminished the validation notice in violation of the FDCPA.

Defendant in its Motion to Dismiss states that case law has already decided that demanding payment within the thirty day validation window does not overshadow the validation notice. *D'Addario v. Enhanced Recovery Co. LLC,* 798 F. 2d 570 (D. NJ 2011). While

Defendant is correct on his explanation of *D'Addario*, however the letter in this case clearly differentiates from the letter in *D'Addario*. In *D'Addario,* the demand for payment was made in the same letter as the validation notice. Here, the demand for payment was made on a letter with no validation notice.

**B. The Defendant's March 5, 2014 letter violates the FDCPA by providing language that would misrepresents the least sophisticated consumer into believing that he or she may dispute the alleged debt by calling the Defendant.**

The Third Circuit has determined that a consumer can only make a valid dispute in writing. *Graziano v. Harrison*, 950 F.2d 107 (3rd Cir. 1991). Furthermore, the Third Circuit has held that it is a violation of the FDCPA if a collection letter provides language that would misrepresent to the least sophisticated consumer that he or she can call to dispute an alleged debt. *Caprio v. Healthcare Recovery Group, LLC*, 709 F.3d 142 (3rd Cir. 2013).In *Caprio*, the letter stated "If we can answer any questions, or if you feel you do not owe this amount, please call us toll free at 800-948-9115." The Plaintiff alleges that the language in the Defendant's March 5, 2014 letter ("should there be any discrepancy please call . .") is similar to the language in *Caprio* as it would also confuse the consumer into believing that he or she can call in if they feel there is any discrepancy, which would include a discrepancy in the amount owed.

In support of Defendant's Motion, the Defendant argues that their letter differentiates from the *Caprio* letter as it suggests that the consumer call "should there be any discrepancy," while the *Caprio* letter specifies to call "if you feel you do not owe this amount." The Defendant, in an attempt to limit the ways on which discrepancy can apply, states that the word discrepancy could refer to a number of things such as the spelling of the consumer's name, the consumer's address etc. The Defendant, however, fails to mention that the word discrepancy can also

6

include such things as a discrepancy in the amount of the alleged debt and/or a discrepancy as to who the correct debtor is, both of which would qualify as a dispute. Furthermore, the March 5, 2014 letter states "any discrepancy" which would be read to include every type of discrepancy.

The Defendant further argues that the form of their letter differs from the *Caprio* letter in that the telephone number appeared in bold, and the validation notice was relegated to the back of the letter. The Defendant, however, failed to mention that their March 5, 2014 letter did not have a validation notice at all in the letter. It would be difficult to argue that a letter with a validation notice in the back is worse in form than a letter with no validation notice.

## CONCLUSION

For the foregoing reasons, the Plaintiff's complaint sufficiently states a claim for which relief can be granted. Accordingly, the Plaintiff respectfully requests that the Court deny Defendant's motion to Dismiss the Complaint with Prejudice.